UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
:
**ENVOY TECHNOLOGIES, INC.,** :
:
       **Plaintiff,** :
:
:
       **v.** :
:
**CUBIC CORPORATION,** :    **JURY DEMANDED**
:
       **Defendant.** :
---------------------------------------------------------------X

## COMPLAINT

Plaintiff, through its attorneys, for its Complaint against the Defendant, alleges:

## JURISDICTION AND VENUE

1. This is a cause of action for Copyright infringement arising under the Copyright Laws of the United States, 17 U.S.C. §101 et. seq. and for breach of contract.

2. Jurisdiction of the subject matter of this action is conferred on this Court by, at least, 28 U.S.C. §§ 1331, 1332, and 1338(a), and this dispute involves the Federal Question of copyright infringement, there is diversity of citizenship, and the dispute involves an amount well over $75,000, and is believed to involve at least several million dollars.

3. This Court has personal jurisdiction over Defendant because transacts business within this district, derives substantial revenue from intrastate and interstate commerce and has committed tortuous acts within this district and also without this district having injurious consequences within this district, and Defendant is otherwise within the jurisdiction of this Court. In addition, this Defendant has contractually agreed to personal jurisdiction in this Court.

4. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391 and 1400(a).

## THE PARTIES

5. Plaintiff Envoy Technologies, Inc. (hereinafter "Envoy"), is a Delaware corporation with its principal place of business at 1115 Inman Avenue, Edison, NJ 08820, New Jersey.

6. Envoy is a software company that licenses, *inter alia*, a product known as XIPC. XIPC is comprised of a large number of modules and libraries, which together, make up an advanced software toolset for the development of multitasking and distributed enterprise applications. XIPC provides fault-tolerant management of guaranteed delivery and real-time message queuing, translation services, and other related messaging services.

7. Defendant Cubic Corporation is a Corporation having a principal place of business at 9233 Balboa Avenue, San Diego, California, 92123.

8. Envoy and Cubic are parties to a Master Product Agreement ("MPA") and a subsequently signed MPA Amendment that amended the MPA (Collectively, the "License").

9. Although Cubic was not the original signatory to the License, Cubic acquired the original licensee, or alternatively received assignment of the License from the original licensee, and is subject to all of the rights and obligations of said License.

## FACTUAL BACKGROUND

10. Envoy is the owner by assignment of certain XIPC software and associated registered copyrights in the XIPC software.

11. The License provides Cubic with deployment licenses to use XIPC software on "Single CPU Computers" in exchange for an annual fee. The annual fee prescribed is highly discounted due to the limitation in the license allowing deployment on relatively low-end single

CPU only computers.

12. For years after signing the License, Cubic and its predecessors received and paid invoices for the annual fees, all of which were clearly labelled with the explicit limitation that the fees were those for the limited right to use XIPC on "single CPU computers."

13. Envoy also licenses XIPC for use on higher end computers that have multiple CPUs, but those licenses cost significantly more money.

14. In or about 2022, Envoy learned from what appeared to be an inadvertent disclosure by a Cubic employee that Cubic had been using XIPC on many different types of computers, most or all of which are believed to have two, three or even more CPUs, and which are subject to significantly higher license fees that Envoy charges for such usage.

15. When Envoy approached Cubic to attempt to resolve the matter, Cubic simply refused to do so, or to engage in any meaningful discussion regarding its use of XIPC in a manner that violated, and continues to violate, the parties' contract.

16. Envoy had no way of knowing of such use before 2022, because Cubic concealed it, and continued to process and pay invoices that affirmatively stated Cubic was using and/or deploying XIPC on computers that only had one CPU, and was thus, operating fully in compliance with the parties' License.

17. Cubic knew when it paid these invoices that it was representing to Envoy that it was compliant with the terms of the License, repeated in all the invoices for years, but Cubic concealed and/or misrepresented it actual use of the XIPC software, which was unlicensed and/or breached the parties' License.

18. Any statute of limitations has been tolled due to the discovery rule or to equitable tolling, or both, because Envoy was unaware of Cubic's violation of Envoy's copyright rights

due to the fraudulent misrepresentations of Cubic, detailed above herein, upon which Envoy reasonably and justifiably relied.

19.  Cubic knew at the time it made its misrepresentations to Envoy that Cubic had no right to be using the XIPC software that it was using on the multiple CPUs on which it was using it, but made the misrepresentations specifically to avoid further license fees and, upon information and belief, because the computers on which Cubic actually used and deployed the software would have required a much higher fee structure.

### FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

20. Envoy repeats and re-alleges all of the above allegations as if fully set forth herein.

21. Upon information and belief, Cubic is using, and has used, XIPC for years on multiple CPU computers, in breach of the parties' contract, and without a license that allows for such use, and is thus liable for copyright infringement.

22. Cubic's copyright infringement has been knowing and willful, and with willful disregard for Envoy's rights.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT

23. Envoy repeats and re-alleges all of the above allegations as if fully set forth herein.

24. Cubic's installation and use of the XIPC software on multiple CPU machines is in violation of the parties' contract, explicitly limiting such use to single CPU computers, in exchange for a much lower price.

25. Cubic's actual use of the XIPC software is in breach of the parties' License, and thus, constitutes breach of contract

**WHEREFORE**, Envoy requests the Court grant the following relief:

A. An injunction, prohibiting Cubic, its employees, owners, members, agents, servants, related companies, and all persons and/or entities in privity with them, from infringing Envoy's copyright in the XIPC software by using such software in its systems;

B. Damages under 17 U.S.C. § 504, in the form of statutory damages, profit disgorgement, actual damages, and attorneys' fees, as the Court deems appropriate and/or as elected by Envoy;

C. Damages for breach of contract, in an amount to be determined at trial;

D. An order requiring Cubic to deliver to Envoy any copies of any portions of the XIPC software in its possession, and destroy any on computer systems containing such copies if such software is not removed from them, including those copies Cubic or its predecessor installed on any customer computer systems;

E. Such other and further relief as the Court deems just and proper.

/s/ Jeffrey I. Kaplan
Jeffrey I. Kaplan (JK 4706)
**KAPLAN BREYER SCHWARZ LLP**
Turnpike Plaza South
197 Route 18 South
East Brunswick, New Jersey
732-578-0103 x231 (voice)
JKaplan@kbsiplaw.com

*Attorneys for Plaintiff Envoy Technologies, Inc.*

January 12, 2024

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the within matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated and I know of no other parties who should be joined in this action at this time.

/s/ Jeffrey I. Kaplan
Jeffrey I. Kaplan (JK 4706)
**KAPLAN BREYER SCHWARZ LLP**
Turnpike Plaza South
197 Route 18
East Brunswick, NJ  08816
JKaplan@kbsiplaw.com

*Attorneys for Plaintiff Envoy Technologies, Inc.*