<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ENVOY TECHNOLOGIES, INC., | : : : | **Civil Action No. 24-220 (SRC)** |
| Plaintiff, | : : | |
| v. | : : | **OPINION & ORDER** |
| CUBIC CORPORATION, | : : : | |
| Defendant. | : : : | |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on Defendant Cubic Corporation's ("Defendant" or "Cubic") motion to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (Dkt. 21). Plaintiff Envoy Technologies, Inc. ("Plaintiff" or "Envoy") has opposed the motion, (Dkt. 34). Defendant filed a reply brief in further support of its motion, (Dkt. 38), and Plaintiff filed a sur-reply, (Dkt. 39), which the Court agreed to consider. For the reasons set forth below, Defendant's motion will be granted.

**I. BACKGROUND.**

  This case arises from a dispute between the parties to a 2002 Master Product Agreement ("MPA"), including an Original Equipment Manufacturer ("OEM") Addendum, and a 2003 amendment (the "Amendment") to the MPA (collectively, the "License"). (Am. Compl. ¶ 9.) Plaintiff owns certain "XIPC" software and associated registered copyrights in the software.[1] (Id.

---

[1] Plaintiff's Amended Complaint asserts that copies of its copyright registrations were attached as Exhibit A, (Am. Compl. ¶ 8), but filed no attachment on the docket.

¶ 8.) Defendant acquired the original signatory to the License, Naztec, and has since been subject to all the rights and obligations of the License. (Id. ¶ 10.) Under the MPA, Defendant was licensed to deploy limited copies of Plaintiff's XIPC software to its customers. (Id. ¶ 11.) The 2003 Amendment allowed Defendant to grant an unlimited number of Plaintiff's single-CPU deployment licenses to its customers without needing to track or report the number of licenses deployed. (Id. ¶ 14.)

Plaintiff alleges that in 2022, it learned from an "inadvertent disclosure" from one of Defendant's employees that Defendant was using Plaintiff's XIPC software on multi-CPU computers, rather than the single-CPU computers as agreed upon in the Amendment. (Id. ¶ 18.) Plaintiff alleges this action constitutes an infringement of its copyright and a breach of the License. Plaintiff also alleges that Defendant "knew of and purposely concealed" its infringements to avoid paying for the more expensive license for multi-CPU computers by accepting Plaintiff's quotes and paying Plaintiff's invoices for annual fees.[2] (Id. ¶¶ 16, 24.)

The Amended Complaint asserts four causes of action: (I) breach of contract; (II) copyright infringement; (III) vicarious liability for copyright infringement; and (IV) copyright infringement by inducement. Defendant now moves to dismiss all counts of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD.

To withstand a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2]  Plaintiff's Amended Complaint also asserts that samples of invoices were attached as Exhibit B, (Am. Compl. ¶ 16), but filed no attachment on the docket.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations. See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." Id. at 1426. The Court, however, may properly consider documents that form the basis of a claim and documents that are "integral to or explicitly relied upon in the complaint." Id. (citations omitted).[3]

## III.   DISCUSSION.

Defendant moves to dismiss Count I for breach of contract, challenging the sufficiency of the factual allegations in support of the claim and because the statute of limitations has run on claims older than six years. The Court agrees with Defendant that the factual allegations stated in Count I are legally insufficient to support an action for breach of contract. Plaintiff does not specify the provision of the License that was violated nor how Defendant breached any such

---

[3]  For purposes of this motion, the Court also relies on (1) the June 10, 2002 MPA, (2) the June 10, 2002 OEM, and (3) the April 1, 2003 Amendment attached to the Declaration of Stuart E. Pollack, (Dkt. 14-2), filed in support of Defendant's motion to dismiss Plaintiff's original complaint for these documents are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426.

provision. Though Plaintiff makes references to the "parties' License and Addendum" and "sublicensing requirements" in Count I, it does not identify specific contractual language or obligations at issue. (See Am. Compl. ¶¶ 29–30.) Without knowing which provision of the contract was breached, the Court is unable to discern how a provision was violated. See Iqbal, 556 U.S. at 678–79.

As to the relevant statute of limitations, the discovery rule is likely inapplicable here. New Jersey's discovery rule "imposes on plaintiffs an affirmative duty to use reasonable diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who had 'reason to know' of their injuries." Peck v. Donovan, 565 F. App'x 66, 70 (3d Cir. 2012) (quoting County of Morris v. Fauver, 153 N.J. 80, 110 (1998)). The Amended Complaint contains no allegations of Plaintiff's reasonable diligence to investigate a cause of action in the twenty plus years the parties have been contracting with one another.

Plaintiff's argument in favor of equitable tolling is equally untenable. In New Jersey, equitable tolling applies only in "very limited circumstances," none of which are present here. See Fisher v. Hollingsworth, 115 F.4th 197, 212 (3d Cir. 2024). Plaintiff alleges that fraudulent concealment applies, but this must be plead with particularity under Rule 9(b). See Fuqua v. Bristol-Myers Squibb Co., 926 F. Supp. 2d 538, 549 (D.N.J. 2013). The mere payment of an invoice[4] cannot conceivably constitute fraudulent concealment. See, e.g., id. (finding plaintiffs' failure to plead the elements and circumstances of fraudulent concealment did not "pass Rule 12(b)(6) muster"). Further, "equitable tolling 'does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims.'" Fisher, 115 F.4th at 212–13 (quoting Barron v. Gersten, 472 N.J. Super. 572, 577 (App. Div. 2022), cert. denied, 252 N.J. 429

---

[4] As stated above, no invoices appear on the docket.

(2022)). As the Amended Complaint offers no allegations as to Plaintiff's reasonable diligence in pursuing its claims in the last twenty years, and indeed, does not even indicate if Plaintiff ever sought to ascertain whether or not Defendant complied with the OEM requirement that it obtain sublicenses from each customer subject to Plaintiff's approval, and because the invoices alone cannot constitute an act of fraud, Plaintiff's argument for equitable tolling does not pass muster. Since the Court does not find a colorable basis for equitable tolling, any breach of contract claims that arose beyond the six-year statute of limitations period will be barred. Plaintiff's breach of contract claim is therefore dismissed without prejudice.

Defendant also moves to dismiss Count II (copyright infringement), Count III (vicarious liability for copyright infringement), and Count IV (copyright infringement by inducement) by challenging the sufficiency of the allegations. The Court agrees that Plaintiff's copyright infringement claims lack sufficient facts to make plausible that an infringement occurred, directly or indirectly. It is unclear how or when Defendant directly infringed Plaintiff's copyright and, as Defendant points out in its pleadings, Plaintiff does not address the validity of the licenses provided to Defendant in the June 10, 2002 MPA.[5] (See Dkt. 14-2 at 7 (listing additional licenses).)

Plaintiff also has not sufficiently plead how Defendant had the right, ability, and obligation to supervise and control the allegedly infringing activity of third parties, other than by mere conclusory statements. See Iqbal, 556 U.S. at 687. Although the Court is not satisfied that Defendant demonstrated that the Amendment "did away with the requirements of the [OEM] ¶ 8" in its entirety, (see Dkt. 21-1 at 22–23), how the Amendment modified paragraph 8 of the OEM is an issue of fact and does not change the fact that Plaintiff's Amended Complaint does not state a

---

[5] The Court does not consider—nor will it take judicial notice of—the two exhibits Plaintiff attached to its opposition because the Amended Complaint does not reference, nor does it incorporate either exhibit. (See Dkts. 34-2 & 34-3.)

plausible claim for vicarious infringement. To the extent Defendant was obligated to have potential customers "execute a customer license strictly limiting such potential customer's use of XIPC software to single CPU computers only," (Am. Compl. ¶ 36), Plaintiff makes no allegations as to whether it provided such a "reasonably satisfactory" or authorized sublicense agreement, as paragraph 8 of the OEM required. (See Dkt. 14-2 at 9.)

Plaintiff further alleges no specific facts about who, what, when, or how a customer utilized Plaintiff's software in such a way as to infringe Plaintiff's copyright, nor does Plaintiff specify how Defendant induced such infringement apart from conclusory statements. The internet service provider cases Plaintiff cites in support of its argument that identifying the infringer as "Cubic's customers" is sufficient, (see Dkt. 34 at 16–17), are distinguishable and do not save Plaintiff's claims under the facts presently alleged. Plaintiff's copyright claims (Counts II through IV) lack sufficient factual allegations under Iqbal and Twombly and will be dismissed without prejudice.[6]

\*   \*   \*

For these reasons,

**IT IS** on this 15th day of November, 2024

**ORDERED** that Defendant's motion to dismiss Plaintiff's Amended Complaint, (Dkt. 21), is **GRANTED**; and it is further

**ORDERED** that Plaintiff is granted leave to replead the dismissed counts within thirty (30) days of the date of entry of this Opinion and Order.

　　　　　　　　　　　　　　　　　　　　 s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER, U.S.D.J.

---

[6] The Court does not address whether the copyright claims are subject to a three-year statute of limitations in deciding this motion. The Court does note, however, that the Third Circuit still holds that "the federal discovery rule governs the accrual of civil claims brought under the Copyright Act." William A. Graham Co. v. Haughey, 568 F.3d 425, 437 (3d Cir. 2009).